IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| Public Employees for Environmental Responsibility, | ) ) ) | No. _____ |
| Plaintiff | ) ) | COMPLAINT FOR INJUNCTIVE |
| v. | ) ) ) | AND DECLARATORY RELIEF AND CIVIL PENALTIES |
| Dan Reigle and Regal Homes, Co. | ) ) | (Violation of the Clean Water Act, 33 |
| Defendants | ) | U.S.C. §§1365 et seq.) |

## COMPLAINT

Public Employees for Environmental Responsibility (PEER) bring this citizen suit under §505(a)(1) of the Clean Water Act (the "Act" or the "CWA"), 33 U.S.C. §1365(a)(1), against Dan Reigle and Regal Homes Company ("Defendants") for past and continuing violations of §§ 301(a) of the CWA. These violations result from Defendants' unauthorized discharge of pollutants, in the form of crushed limestone and other sediment and imported fill materials, into jurisdictional wetlands along Marrowbone Creek, in Cheatham County, Tennessee. Defendants' actions were taken in absence of obtaining the required permits specified under the CWA. Plaintiff seeks declaratory and injunctive relief, as well as the imposition of civil penalties and an award of costs and attorney fees pursuant to 33 U.S.C. §1365(d).

Plaintiff alleges as follows:

1

JURISDICTION AND VENUE

1.       This Court has jurisdiction of this matter pursuant to Section 505(a) of the Federal Water Pollution Control Act (the "Clean Water Act" or the "CWA"), 33 U.S.C. §1365(a), and 28 U.S.C. § 1331, federal question jurisdiction.

2.       An actual, justifiable controversy exists between Plaintiff and Defendants. The requested relief is proper under 28 U.S.C. §2201, 28 U.S.C. §2202, and 33 U.S.C. §1365(a).

3.       Venue is properly vested in this Court under 33 U.S.C. §1365(c)(1), because the events giving rise to the claims occurred in this judicial district.

NOTICE

4.       On October 3, 2005, pursuant to 33 U.S.C. §1365(b), Plaintiff Public Employees for Environmental Responsibility ("PEER") gave notice to the Defendants of the violations of the CWA alleged in this Complaint. More than sixty days have elapsed since notice was properly served.

PARTIES

5.       Plaintiff PEER is a national non-profit alliance of local, state and federal scientists, law enforcement officers, land managers and other professionals dedicated to upholding environmental laws and values. PEER is a District of Columbia corporation and is registered to do business in Tennessee.

6.       PEER and/or its individual members live, work, recreate, fish, boat, swim, hike, bird watch, picnic, and work to preserve wetlands and engage in other forms of outdoor activities in and around the areas of the wetland in question and the surrounding watershed. Defendants' continuing violation of the CWA directly harms and will

continue to harm the interests of PEER and its members in the environmental, recreational, and aesthetic value of the wetland Marrowbone Creek water bodies downstream of Marrowbone Creek.

7.     Defendant Regal Homes, Co. ("Regal") is a Tennessee corporation located at 290 Ed Harris Road, Ashland City, Tennessee, 37015.

8.     Daniel H. Reigle is the registered agent of Regal Homes Co., a person responsible for the activity challenged in this case and owner of the property that was the subject of the action that is challenged.

VIOLATIONS

9.     § 301 of the Clean Water Act, 33 U.S.C. § 1311(a), provides that the "discharge of any pollutant by any person shall be unlawful" except as in compliance with certain sections of the Act, including 33 U.S.C. §§ 1342 and 1344.

10.     § 402 of the Clean Water Act, 33 U.S.C. § 1342, authorizes the Administrator of the United States Environmental Protection Agency (U.S. EPA) to issue a permit for the "discharge of any pollutant" into navigable waters, as defined by the Act. 33 U.S.C. §§ 1342(a); 1362.

11.     § 404 of the Clean Water Act, 33 U.S.C. § 1344, authorizes the Secretary of the Army to issue a permit for the "discharge of dredged or fill material" into navigable waters, as defined by the Act. 33 U.S.C. §§ 1344(a); 1362.

12.     On or before June 24, 2005 defendants discharged pollutants in the form of limestone and other sediment and fill material into a wetland along Ashland City Highway (SR 12) just west of the Marrowbone Creek bridge without a permit under Section 402 or 404 of the CWA.

13.     The wetland at issue is a "navigable water" as defined by the CWA, which defines "navigable waters" to mean "waters of the United States." 33 U.S.C. § 1362(7); 33 C.F.R. 328.3.  The wetland has a direct surface connection to Marrowbone Creek, a perennial stream, and the state of the wetland and other waters similar to it has an effect on the biological, physical and chemical integrity of Marrowbone Creek and the Cumberland River.

14.     Defendants have violated § 301 of the Clean Water Act, 33 U.S.C § 1311, by causing the discharge of fill material into the above referenced wetlands and adding pollution to the wetland and Marrowbone Creek without having been granted a permit for such a discharge pursuant to § 404 of the Clean Water Act, 33 U.S.C. § 1344.

15.     Through its actions, Defendants have and will continue in the future to violate § 301 of the Clean Water Act unless enjoined by this Court.  The violations have caused and are causing or contributing to degradation and elimination of the wetlands and, if not enjoined, will continue to injure plaintiff and its members.

16.     § 505(a)(1) of the Clean Water Act, 33 U.S.C. § 1365(a)(1), authorizes any citizen to commence a civil action in the appropriate federal court against any person alleged to be in violation of the Act.

17.     § 505(a) of the Clean Water Act authorizes the district court, without regard to the amount in controversy or the citizenship of the parties, to enforce the requirements of Act and apply any appropriate civil penalties of up to $32,500 per day for each violation. 33 U.S.C. §§ 1365(a), 1319(d); 40 C.F.R. 19.4.

PRAYER FOR RELIEF

Wherefore, Plaintiff requests that the Court enter judgement granting the following relief:

A.    Declare that the Defendants have violated and continues to violate the terms of the Clean Water Act;

B.    Enter judgment imposing all appropriate civil penalties upon Defendants, up to and including $32,500 per day for each day of each violation of the Clean Water Act, as provided by 33 U.S.C. §1319(d);

C.    Grant declaratory and injunctive relief sufficient to compel Defendants to remove fill material illegally deposited in wetlands and to restore the affected wetlands by, inter alia, re-vegetating the filled wetland areas;

D.    Grant declaratory and injunctive relief sufficient to restore and maintain the quality of the waters into which Regal has illegally discharged materials;

E.    Award Plaintiff its costs, expenses, expert witness fees, and reasonable attorneys' fees as provided in 33 U.S.C. §1365; and

F.    Award all other, further, and different relief that appears to the Court to be just and reasonable.


This 11th day of May, 2007

 s/Albert F. Ettinger                              s/Ray T. Throckmorton
Albert F. Ettinger                                Ray T. Throckmorton
Brad Klein                                        BPR # 16313
Environmental Law & Policy Center                 306 Gay Street
35 East Wacker Drive, Suite 1300                  Realtors Building
Chicago, Illinois  60601                          Nashville, TN , 37201
(312) 673-6500                                    (615) 255-3559


 s/Terrance E. McNabb
Terrance E. McNabb  BPR002592
Suite 400
101 Church Street
Nashville, TN 37201
(315) 255-5555